UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| NANSHAN AMERICA ADVANCED ALUMINUM TECHNOLOGIES, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:13-CV-078 JD ) ) |
| FRANK NEMICK, | ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

In this case, Plaintiff Nanshan America Advanced Aluminum Technologies, LLC alleges that Defendant Frank Nemick, one of its former employees, breached his fiduciary duty to Nanshan when he steered work at Nanshan's facilities to entities that he controlled or had a financial interest in, without disclosing those interests to Nanshan. Nanshan moved for partial summary judgment as to liability on its breach of fiduciary duty claim. Mr. Nemick did not respond to the motion, and his time to do so has passed, so this matter is ripe for ruling. For the following reasons, the Court grants the motion for partial summary judgment.

**I. SUBJECT MATTER JURISDICTION**

Before proceeding to the substance of the motion for summary judgment, the Court must first address the basis for its jurisdiction over this case, as Courts have an independent duty to confirm the presence of subject matter jurisdiction. Nanshan invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(2), which applies to cases between "citizens of a State and citizens or subjects of a foreign state" where the matter in controversy exceeds $75,000. The amount in controversy is met, so the question is whether the requirement of complete diversity is also met. Though this case previously involved additional parties, those parties were voluntarily

dismissed, so the Court can confine its analysis to the remaining parties: Nanshan and Mr. Nemick. In its supplemental filing, Nanshan properly alleged that Mr. Nemick is a citizen of Ohio, as he is an individual who is domiciled in Ohio. Nanshan's citizenship is more complicated, though. As a limited liability company, Nanshan has the citizenship of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Nanshan's sole member is an entity named Shandong Nanshan Aluminum Co., Ltd. ("Shandong"), which is organized under the laws of China, so the Court must determine the citizenship of that entity.

When entities are organized under the laws of foreign nations, courts must determine whether those entities are comparable to corporations—in which case they are citizens of their places of incorporation and of their principal place of business—or whether they are more comparable to any other type of unincorporated entity—in which case they have the citizenship of each of their members or partners. *InStep Software LLC v. Instep (Beijing) Software Co., Ltd.*, 577 F. App'x 612 (7th Cir. 2014); *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790 (7th Cir. 2014) ("Classification of a foreign business entity can be difficult, because other nations may use subsets of the characteristics that distinguish corporations from other business entities in the United States."); *Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equipment Co.*, 759 F.3d 787 (7th Cir. 2014). In making that determination, courts evaluate whether the entities share the attributes that distinguish corporations from other unincorporated business forms in the United States, such as whether the entity has "indefinite existence, personhood (the right to contract and litigate in its own name), limited liability for equity investors, and alienable shares, among other features." *Fellowes*, 759 F.3d at 788.

According to Nanshan's supplemental filing, Shandong is organized as a "Gufen Youxian Gongsi," which is also referred to as a "company limited by shares." Such an entity provides

limited liability for equity investors and also shares the features of personhood, including the right to contract and litigate in its own name. It also appears that the entity has a perpetual existence unless otherwise specified in its articles of association. Shares are also alienable, as such companies can be listed on a stock exchange, and Shandong is in fact listed on the Shanghai Stock Exchange. The entities are also governed by a board of directors, which employs a manager who is responsible for the company's operations. Company Law of the People's Republic of China, art. 108, 113. A Gufen Youxian Gongsi is also required to be treated as a corporation for U.S. tax purposes. 26 C.F.R. § 301.7701-2(b)(8)(i).

The Seventh Circuit has held that entities from other countries that share these characteristics qualify as corporations for the purposes of diversity jurisdiction. *E.g.*, *BouMatic*, 759 F.3d at 791. It has also held that companies "limited by shares" under the laws of other countries are equivalent to corporations for these purposes. *Superl Sequoia Ltd. v. Carlson Co., Inc.*, 615 F.3d 831, 832 (7th Cir. 2010) (holding that a "Hong Kong business organization 'limited by shares'" is "equivalent to a corporation in the United States"); *Lear Corp. v. Johnson Electric Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003) ("[A] business organization 'limited by shares' under Bermuda law is equivalent in all legally material respects to a corporation under state law."). Thus, the Court finds that Shandong is properly treated as a corporation for purposes of diversity jurisdiction. And because it is incorporated and has its principal place of business in China, Shandong (and thus Nanshan) is a citizen of China, meaning that complete diversity exists and the Court has subject matter jurisdiction under § 1332(a)(2). Accordingly, the Court proceeds to the merits of Nanshan's claim.

## II. FACTUAL BACKGROUND

Under Federal Rule of Civil Procedure 56(e), if a party "fails to properly address another party's assertion of fact" in responding to a motion for summary judgment, the court may

"consider the fact undisputed for the purposes of the motion." Here, Mr. Nemick failed to respond to Nanshan's motion for partial summary judgment, so the Court accepts the following facts submitted by Nanshan as undisputed.

In 2011, Nanshan hired Mr. Nemick as an equipment engineer for an aluminum manufacturing facility Nanshan was constructing in Lafayette, Indiana. Nanshan hired Mr. Nemick because of his experience and expertise in the aluminum extrusion industry. Mr. Nemick's duties included obtaining bids and quotes from vendors and contractors to do work on behalf of Nanshan. Also in 2011, while employed by Nanshan, Mr. Nemick formed ME Simone Industries, LLC, of which he was the sole owner. Simone had no employees and its articles of incorporation identified Mr. Nemick's residence as its principal place of business. Mr. Nemick did not inform Nanshan of his ownership of Simone.

Simone received both direct and indirect benefits from contracts Mr. Nemick was responsible for through his employment with Nanshan. In his capacity as an employee of Nanshan, Mr. Nemick directed the purchase of dock levelers from Simone for over $200,000. To fulfill the order, Simone purchased the equipment from other companies and then resold it to Nanshan. Mr. Nemick testified that he added a five percent markup beyond what Simone paid for the equipment, meaning he personally profited (through his sole ownership of Simon) through the contracts he directed as part of his employment with Nanshan. Simone also received indirect payments from Nanshan, as five vendors or contractors working on Nanshan's project made payments to Simone totaling almost $2 million. One of Nanshan's vendors, Overhead Hoist and Crane, Inc., paid Simone over $1 million for Nanshan-related work. Mr. Nemick estimated that he personally made between $50,000 and $100,000 for that work.

Mr. Nemick was also a half-owner of another entity, Lafayette Industrial, which he formed with another individual shortly before he began working for Nanshan. Lafayette Industrial did a significant amount of work for Nanshan as a contractor. It also subcontracted work to Simone, for which it paid Simone over $700,000. Mr. Nemick did not disclose his ownership interest in either Simone or Lafayette Industrial to Nanshan, and Nanshan was not aware that Mr. Nemick was personally profiting from the contracts for which he was responsible. Mr. Nemick's responsibilities as an employee of Nanshan also included reviewing the work performed by Simone and Lafayette Industrial, and Mr. Nemick admitted that those roles created a conflict of interest.

Nanshan initially filed a complaint in this case against Overhead Hoist and Lafayette Industrial. In an amended complaint, it added Mr. Nemick as a defendant, and asserted claims including breach of fiduciary duty, constructive fraud, and conspiracies to engage in that conduct. The other parties have each resolved and dismissed their claims, so only Nanshan's claims against Mr. Nemick remain pending. Mr. Nemick initially appeared by counsel, but his attorney has since withdrawn, and Mr. Nemick is now proceeding pro se. Accordingly, Nanshan served Mr. Nemick with the required notice to a pro se litigant of the motion for summary judgment, advising Mr. Nemick of the need to submit evidence in response to the motion if he disagrees with any of its factual assertions. Mr. Nemick did not respond, and the time to do so has passed, so the motion is now ripe.

### III.  STANDARD OF REVIEW

Summary judgment is proper when the movant shows that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one identified by the substantive law as affecting the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" exists with

respect to any material fact when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Where a factual record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 289 (1968)). In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in that party's favor. *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008); *King v. Preferred Tech. Grp.*, 166 F.3d 887, 890 (7th Cir. 1999).

## IV. DISCUSSION

Nanshan seeks partial summary judgment as to liability on its claim against Mr. Nemick for breach of fiduciary duty. Its motion does not seek to fix the amount of damages on that claim, nor does it address any of Nanshan's other claims against Mr. Nemick. Indiana law governs the claims in this action, as they arise out of work performed in Indiana for a company located in Indiana. In Indiana, the elements of a claim for breach of fiduciary duty are: (1) the existence of a fiduciary relationship; (2) a breach of that duty owed by the fiduciary to the beneficiary; and (3) harm to the beneficiary. *Good v. Ind. Teachers Ret. Fund*, 31 N.E.3d 978, 983 (Ind. Ct. App. 2015); *Farmers Elevator Co. of Oakville, Inc. v. Hamilton*, 926 N.E.2d 68, 79 (Ind. Ct. App. 2010).

First, there is no dispute that Mr. Nemick owed a fiduciary duty to Nanshan: in Indiana, "[a]n employee owes his employer a fiduciary duty of loyalty." *SJS Refractory Co., LLC v. Empire Refractory Sales, Inc.*, 952 N.E.2d 758, 768 (Ind. Ct. App. 2011); *Kopka, Landau & Pinkus, v. Hansen*, 874 N.E.2d 1065, 1070 (Ind. Ct. App. 2007). Accordingly, Mr. Nemick had a duty to "deal fairly, honestly, and openly" with Nanshan, *Rapkin Grp, Inc. v. Cardinal Ventures,*

*Inc.*, 29 N.E.3d 752, 757 (Ind. Ct. App. 2015), and to "avoid self-serving conduct." *Marsh Supermarkets, Inc. v. Marsh*, No. 1:09-cv-458, 2012 WL 828610, at *8 (S.D. Ind. Mar. 8, 2012); *Coates v. Heat Wagons, Inc.*, 942 N.E.2d 905, 918 (Ind. Ct. App. 2011). Given the undisputed facts set forth in Nanshan's motion, there is also no dispute that Mr. Nemick breached that duty. As an employee responsible for reviewing, approving, and recommending bids and contracts, Mr. Nemick personally profited by directing contracts to entities he owned and controlled. For example, he authorized the purchase of dock levelers from Simone, which he owned, and he charged Nanshan a five-percent markup beyond what Simone paid to purchase the products. Simone also received a large amount of payments from other contractors performing work for Nanshan, leading to additional profits for Mr. Nemick. Another entity Mr. Nemick owned, Lafayette Industrial, also contracted directly with Nanshan. Mr. Nemick did not disclose his personal interest in those entities to Nanshan, which was unaware that Mr. Nemick was personally profiting from the contracts he approved and from the work he was responsible for overseeing. That is a clear case of self-dealing, and violated Mr. Nemick's duty of loyalty to his employer. *Coates*, 942 N.E.2d at 918–19 (finding that an employee engaged in improper self-serving conduct by contracting with his employer through a separate company he owned, without disclosing his interest in the transactions to his employer).

Finally, there is no dispute that Nanshan was harmed to at least some extent. Because Nanshan does not seek summary judgment as to the amount of damages, it need only prove that it was harmed in some amount, and it has done so. Mr. Nemick testified that he marked-up the price on the dock-levelers that Simone sold to Nanshan by five percent, so Nanshan at least would have been harmed by paying that additional amount. Nanshan suspects that Mr. Nemick in fact profited by more than $1 million on payments made to Simone from Nanshan and its
7

contractors, but the extent of those damages will have to await further proceedings. As to its present motion, Nanshan has shown that it is entitled to judgment on its claim that Mr. Nemick breached his fiduciary duty, so the motion for partial summary judgment is granted.

## V.  CONCLUSION

For those reasons, the Court GRANTS Nanshan's motion for partial summary judgment on the issue that Mr. Nemick is liable for a breach of fiduciary duty. [DE 127]. Nanshan's "motion for decision on the merits," [DE 130], which noted that Mr. Nemick had not responded to the motion for summary judgment within the time allotted, is DENIED as moot and as unnecessary.

SO ORDERED.

ENTERED:  August 4, 2017

/s/ JON E. DEGUILIO
Judge
United States District Court